## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN ARMIJO, AND OFELIA
RONQUILLO, on behalf of themselves
all other similarly situated,**

*Plaintiffs,*

v.                                                                Case No.:

**AFFILION, LLC; EMCARE, INC.;
EMCARE HOLDINGS, INC.;
ENVISION HEALTHCARE
CORPORATION; AND ENVISION
HEALTHCARE HOLDINGS, INC.,**

*Defendants.*

**DEFENDANTS AFFILION, LLC; EMCARE, INC.,
EMCARE HOLDINGS, INC., ENVISION HEALTHCARE
CORPORATION, AND ENVISION HEALTHCARE HOLDINGS, INC.'S
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332(D)**

**[CLASS ACTION FAIRNESS ACT OF 2005]**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Affilion, LLC, Envision Physician Services (formerly, EmCare, Inc.), EmCare Holdings, Inc., Envision Healthcare Corporation, and Envision Healthcare Holdings, Inc., (collectively, "Defendants"), hereby file this notice of removal pursuant to 28 U.S.C. sections 1332(d), 1441, 1446, and 1453 in order to effect the removal of the above-captioned action, *Benjamin Armijo, et al. vs. Affilion LLC, et al*., Case No. D-101-CV-2019-01804, from the First Judicial District Court of the State of New Mexico, County of

Santa Fe ("State Court Action"), to the United States District Court for the District of New Mexico.

Jurisdiction is invoked pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. §§ 1332(d) in that the number of members of the proposed plaintiff class in the aggregate is more than 100, Plaintiffs Benjamin Armijo ("Armijo") and Ofelia Ronquillo ("Ronquillo") (collectively, "Plaintiffs") are citizens of a state different than at least one Defendant, and the amount in controversy exceeds $5,000,000.00, exclusive of costs and interest.

## I.    PLEADINGS, PROCESS AND ORDERS

1.    On or about July 9, 2019, Plaintiff Armijo commenced the above-captioned action in the First Judicial District Court for the State of New Mexico, Santa Fe County, against Defendants. The action is entitled *Benjamin Armijo vs. Affilion LLC, et al*., and is assigned Case No. D-101-CV-2019-01804. True and correct copies of the original Summons and Complaint, Plaintiffs' First Request for Production, Plaintiff's First Interrogatories, Plaintiff's First Requests for Admission, and Plaintiff's Notice of Deposition of John Butcher, which were served upon Defendant Affilion, LLC, on July 16, 2019, are attached hereto collectively as Exhibit 1.

2.    On or about July 29, 2019, Plaintiffs filed and served a Summons and First Amended Complaint ("FAC") on EmCare Holdings, Inc. A true and correct copy of the Summons and FAC, Plaintiffs Request for Production to EmCare Holdings, Inc., Plaintiff's First Interrogatories to EmCare Holdings, Inc., Plaintiff's Requests for Admission to EmCare Holdings, Inc., and Plaintiff's Notice of Deposition of EmCare Holdings, Inc. Corporate Representative served upon Defendants on July 29, 2019, are attached hereto as Exhibit 2.

3.      Neither the Complaint nor the FAC alleged a specific amount of damages sought.

4.      Pursuant to 28 U.S.C. § 1446(a) and local rule 81.1(a), Exhibits 1 and 2 constitute all of the process, pleadings and orders served on or by Defendant in the State Court Action.

## II.    BASIS FOR REMOVAL

5.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and is one which may be removed to the United States District Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 in that it is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

6.      CAFA was enacted to expand federal jurisdiction over purported class actions. It provides that a purported class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the putative class is not less than 100; (b) any member of the putative class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000.00. 28 U.S.C. §§ 1332(d), 1453(b).

7.      "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 552 (2014). In enacting CAFA, Congress intended to substantially expand federal jurisdiction over class actions. *Woods v. Std. Ins. Co*., 771 F.3d 1257, 1262 (10th Cir. 2014). CAFA's legislative history instructs that its

jurisdictional provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a Federal court if removed by any defendant." *Id.*

8.  As explained more fully below, this Court has original jurisdiction under CAFA over all claims brought by Plaintiffs, on behalf of themselves and all members of the putative class. Because Plaintiffs' action could have been filed in this Court, Defendant may remove it pursuant to 28 U.S.C. § 1441.

A.  **Class Size**

9.  CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members. (Declaration of Andrew Weiss, ¶ 5 (hereinafter, "Weiss Decl.").)

10.  Plaintiffs seek to represent a putative class defined as: "All individuals who were sent medical bills by Defendants (including but not limited to Defendants and any of Defendants affiliates, subsidiaries, parents, successors, predecessors, employees, contractors, agents, representatives, or assigns) within the past 6 years for amounts that exceed the highest in-network amount paid by major private health insurance plans for such services."[1]  (FAC, ¶ 69.)

11.  Defendant Envision Physician Services' records reveal that it has sent medical bills to more than 100 persons in New Mexico during the relevant time period alleged in the complaint and amended complaint. Accordingly, the putative class, as alleged in Plaintiffs' complaint has more than 100 members. (Weiss Decl., ¶ 5.)

---

[1] Defendants note that Plaintiffs' vaguely defined putative class could be interpreted as alleging a nation-wide class action. For purposes of this removal, Defendants interpret this allegation as being limited to New Mexico citizens. Despite this narrow interpretation, removal is still proper under CAFA.

**B.**   **Citizenship**

12.   CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)) is also satisfied here.

13.   For diversity purposes, citizenship is determined by a person's domicile. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). A person's residence is *prima facie* evidence of a person's domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

14.   Plaintiffs allege that they are "resident[s] of New Mexico." (FAC, ¶¶ 9-10.) They also allege that they were patients at Mountain View Regional Medical Center (FAC, ¶¶ 50-51, 59-60), located in Las Cruces, New Mexico. Further, Plaintiff Armijo's medical billing records indicate that his address is 3530 Camino Verde, Las Cruces, New Mexico 88012. (Weiss Decl., ¶ 4.) Defendants are therefore informed and believe that Plaintiffs were and at all relevant times herein are citizens of the Sate of New Mexico, domiciled in the State of New Mexico with the intent to remain citizens of the State of New Mexico.

15.   For diversity purposes, "a corporation is deemed a citizen of the state by which it has been incorporated and of the state where it has its principal place of business." *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993).

16.   Envision Healthcare Corporation is a Delaware Corporation incorporated under the laws of the state of Delaware, with its corporate headquarters and principal place of business in Nashville, Tennessee. (Johnson Decl., ¶ 3.) Envision Physician Services is a Delaware LLC organized under the laws of the state of Delaware, with its corporate headquarters and principal place of business in Nashville, Tennessee. (Johnson Decl., ¶ 5.) EmCare Holdings, Inc. is a Delaware Corporation incorporated under the laws of the state of Delaware, with its corporate

headquarters and principal place of business in Nashville, Tennessee. (Johnson Decl., ¶ 6.) Envision Healthcare Holdings, Inc. is a Delaware Corporation incorporated under the laws of the state of Delaware, with its corporate headquarters and principal place of business in Nashville, Tennessee. (Johnson Decl., ¶ 7.) Affilion, L.L.C. is an affiliate of Envision Healthcare Corporation. Affilion, L.L.C. is a New Mexico L.L.C. organized under the laws of the state of New Mexico, with its corporate headquarters and principal place of business in Tempe Arizona. (Johnson Decl., ¶ 8.)

17.    For these reasons, the minimal diversity requirements for class action jurisdiction are met because Plaintiff is a citizen of a different state from at least one Defendant.

### C.    <u>Amount In Controversy</u>

18.    CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, is satisfied here as well.

19.    The Complaint does not identify the total amount sought by Plaintiff. The amount-in-controversy "is not the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation." *Frederick v. Hartford Underwriters Ins. Co*., 683 F.3d 1242, 1244 (10th Cir. 2012). The failure of a complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount [in controversy]."); *see also Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1216 n.8 (D.N.M. 2013) (noting that several circuits cite traditional diversity cases for determining whether amount in controversy is met under CAFA).

20.    The FAC seeks damages based on alleged negligence, breach of implied contract, common law procedural unconscionability, and common law substantive unconscionability. Plaintiffs purport to bring this putative class action on behalf of persons who "who were billed for, and/or paid monies based upon, objectively unreasonable and excessive rates above the usual and customary fees for similar medical services." (FAC ¶ 36.)  Plaintiffs' negligence claim, however, does not explain why the billing was "objectively unreasonable" or otherwise define what they mean by "the usual and customary fees for similar medical services." (*See e.g.,* FAC ¶¶ 81-84.)

21.    Based on the allegations in Plaintiffs' FAC, the amount in controversy exceeds the jurisdictional minimum amount of $5,000,000. (Weiss Decl., ¶ 5.) *See Ullman*, 995 F. Supp. 2d at 1215 ("[A] defendant removing a matter to federal court has met the burden to prove the amount-in-controversy requirement if the defendant has proved any contested facts regarding the amount-in-controversy and the amount-in-controversy is not legally certain to be less than [the jurisdictional amount]." *See also, Dart Cherokee*, 135 S. Ct at 551 (2014) (explaining that a removing defendant need only present a short and plain statement of the grounds for federal jurisdiction in its removal papers and need not present evidence to establish the amount in controversy until challenged to do so).

## III.   TIMELINESS OF REMOVAL

22.    This Notice of Removal is being timely filed within 30 days of July 16, 2019, the date on which the Summons and Complaint was served upon Affilion, LLC.

## IV.  SERVICE ON PLAINTIFF AND STATE COURT

23.     Pursuant to 28 U.S.C. § 1446(d), Defendants will serve this Notice of Removal upon Plaintiffs and promptly file the same with the Clerk for the First Judicial District Court, Santa Fe County, New Mexico.

24.     Therefore, Defendants respectfully give notice that the state court action, now pending in the First Judicial District Court, Santa Fe County, New Mexico, bearing the case number D-101-CV-2019-01804, is hereby removed to this Court. Defendants respectfully request that the Court make and enter such further orders as may be necessary and proper.

Dated:  August 15, 2019                            Respectfully submitted,

SUTIN THAYER & BROWNE, APC

By:   _/s/  Stefan R. Chacon_____
Stefan R. Chacon
6100 Uptown Blvd. NE, Suite 400
Albuquerque, NM 87110
SRC@SUTINFIRM.COM
Tel:  505-883-2500
Fax:  505-888-6565

Attorneys for Defendants
AAFFILION, LLC, EMCARE, INC.,
EMCARE HOLDINGS, INC.,
ENVISION HEALTHCARE
CORPORATION. AND ENVISION
HEALTHCARE HOLDINGS, INC.

Firm:48975378v1