IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ARMIJO AND OFELIA
RONQUILLO, on behalf of themselves
all other similarly situated,

    *Plaintiff*s,

v.            Case No.:  2:19-cv-00750-KRS-GJF

AFFILION, LLC; EMCARE, INC.;
EMCARE HOLDINGS, INC.;
ENVISION HEALTHCARE
CORPORATION AND ENVISION
HEALTHCARE HOLDINGS, INC.,

    *Defendants*.

## DEFENDANTS AFFILION, LLC; EMCARE, INC., EMCARE HOLDINGS, INC., ENVISION HEALTHCARE CORPORATION AND ENVISION HEALTHCARE HOLDINGS, INC.'S MOTION TO DISMISS PURSUANT TO 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Affilion, LLC, Envision

Physician Services (formerly, EmCare, Inc.), EmCare Holdings, Inc., Envision

Healthcare Corporation and Envision Healthcare Holdings, Inc., (collectively,

"Defendants"), hereby file this motion to dismiss Counts 1 through 4 of Plaintiffs

Benjamin Armijo and Ofelia Ronquillo's (collectively, "Plaintiffs") First Amended

Complaint. Pursuant to Rule 7.1, Defendants contacted Plaintiffs' counsel regarding

the substance of this Motion and Plaintiffs' counsel intend to oppose it.

Firm:49045236v3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Benjamin Armijo and Ofelia Ronquillo's (collectively, "Plaintiffs") First Amended Complaint ("Complaint") fails to allege sufficient facts to satisfy the liberal pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs' threadbare allegations simply do not demonstrate that they are entitled to relief. In fact, Plaintiffs do not even allege that they themselves actually have been harmed.

In addition to the rampant factual deficiencies throughout the Complaint, Plaintiffs' purported negligence claim fails as a matter of law. First, Plaintiffs do not allege a legally cognizable duty. Second, they do not allege that Defendants engaged in conduct that falls below the standard of care, and therefore, they have not stated a claim for negligence.

As to the contract claim and derivative claims on unconscionability, Plaintiffs have not alleged any facts demonstrating the terms of the parties' alleged agreement or the circumstances by which it came into existence. Plaintiffs simply allege that they received bills they deem unreasonable. This allegation falls woefully short of the threshold for adequately stating a claim.

Firm:49045236v3

Based on the factual and legal deficiencies in the Complaint, Plaintiffs' action should be dismissed without leave to amend.

## II.      PLAINTIFFS' FACTUALLY DEFICIENT COMPLAINT

Plaintiffs' theories of relief all arise from the same underlying factual allegations – i.e., that Defendants intentionally structured their business to form "outsource provider" relationships with medical facilities as part of a "scheme" to bill out-of-network patients for medical services at excessive rates. (*See, e.g.,* First Amended Complaint, Dkt. 1-2, p. 15 at ¶ 34 (hereinafter, "FAC ¶ 34.")) Based on this allegation, Plaintiffs seek recovery under theories of negligence, implied contract, and unconscionability. (FAC ¶¶ 78-105.)

The allegations of the individual Plaintiffs – i.e., Armijo and Ronquillo – are substantially identical and equally defective. (*See* FAC ¶¶ 49-66.) Both claim they "allegedly received medical care" at Mountain View Regional Medical Center by outsourced healthcare providers affiliated with Defendants. (FAC ¶¶ 51, 60.) Both allege that Defendants sent them medical bills on specific dates for specific amounts. (FAC ¶¶ 52-53, 61.) And both allege that the bills "exceeded the usual and customary fees for such services." (FAC ¶¶ 54-55, 62-63.)

Beyond the dates of service and the amounts billed, Plaintiffs do not allege any other facts regarding the contours of their relationship with Defendants. For

Firm:49045236v3

example, they do not allege facts about their hospital intake and admission, the treatments they received, or the services for which they were billed. Nor do they plead any facts regarding their communications with Defendants or regarding Defendants' collection practices. (*See generally*, FAC.)

Still, Plaintiffs allege that they "are required to pay amounts determined by Defendants" and that they "lack meaningful negotiating power" with respect to those bills. (FAC ¶¶ 38-39.) However, they do not allege what attempts, if any, they made towards negotiating their medical bills. Nor have they alleged that they actually paid them. They also do not allege whether they have insurance, and if so, whether their insurance paid the bill. (*See generally*, FAC.)

Plaintiffs purport to bring this putative class action on behalf of persons "who were billed for, and/or paid monies based upon, objectively unreasonable and excessive rates above the usual and customary fees for similar medical services." (FAC ¶ 36.) The Complaint defines the putative class as: "All individuals who were sent medical bills by Defendants (including but not limited to Defendants and any of Defendants' affiliates, subsidiaries, parents, successors, predecessors, employees, contractors, agents, representatives, or assigns) within the past six (6) years for amounts that exceed the highest in-network amount paid by major private health insurance plans for such services."  (FAC ¶ 69.) The putative class, as defined, is

untenable because the Complaint does not allege any facts demonstrating common questions of law or fact relating to this amorphously defined group.

## III.   LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc., Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663.

## IV.   EACH OF PLAINTIFFS' COUNTS FAILS BECAUSE PLAINTIFFS DO NOT ALLEGE THEY ACTUALLY SUFFERED HARM

As a threshold matter, each of Plaintiffs' counts fails because they do not allege facts demonstrating that they incurred damages. Plaintiffs allege they received bills for medical services (FAC ¶¶ 52-53, 61), but they do not allege that they paid

those bills or that Defendants undertook any efforts to collect on those bills (*see generally,* FAC).

The Complaint alleges only that Plaintiffs and the putative class suffered damages "either by unjust monies paid to Defendants, damage to Plaintiffs' and the Class' credit rating and financial balance/net worth . . .  or both." (FAC ¶ 99)(emphasis added). However, neither Armijo nor Ronquillo specifically allege *how* they themselves suffered harm.[1]

Since Plaintiffs do not allege any facts regarding the injuries they are claiming in this action, the Complaint does not demonstrate that either Plaintiff has "a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 548 (2007)("Factual allegations must be enough to raise. . ."); *see, Sanchez v. Clayton*, 1994-NMSC-064, ¶ 14, 117 N.M. 761, 767, 877 P.2d 567, 573 ("liability does not attach to negligent acts that do not result in actual harm or damage"); *Salazar v. City of Albuquerque*, No. CIV 10-0645 JB/ACT, 2013 U.S. Dist. LEXIS 128341, at *141

---

[1] Since Plaintiffs do not allege *how* they have been harmed, they have not pled facts demonstrating that they are adequate class representatives. *See, In re Thornburg Mortg., Inc.,* 912 F. Supp. 2d 1178, 1224 (D.N.M. 2012) ("The Supreme Court has repeatedly held [that] a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.")(citations omitted); *Harrison v. Leviton Mfg. Co*., No. 05-CV-0491-CVE-FHM, 2006 U.S. Dist. LEXIS 76334, at *10-11 (N.D. Okla. Oct. 19, 2006)("Even though this is a putative class action, plaintiff may not base his right to sue on an injury allegedly suffered by other class members. Plaintiff may not represent a putative class if he has not actually suffered the injury for which the class seeks redress.")

Firm:49045236v3

(D.N.M. Aug. 20, 2013) (judgment on the pleadings granted on contract claim where plaintiff did not allege defendants caused him harm).

Absent affirmative allegations of suffering a legally cognizable harm, Plaintiffs have not stated a claim.

## V.    PLAINTIFFS' FIRST COUNT FOR NEGLIGENCE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.    Plaintiffs Do Not Allege A Legally Cognizable Duty

The duties Plaintiffs purport to allege in this action do not support a claim for negligence.

Plaintiffs allege that Defendants owed them duties including: (1) "to provide the actual medical services that were billed;"[2] (2) "to exercise reasonable care in order to bill Plaintiffs and the Class only for reasonable, usual and customary fees for medical services actually provided;" and (3) "to have procedures in place to

---

[2] The Complaint states that Plaintiffs "<u>allegedly</u> received medical care" (FAC ¶¶ 51, 60 (emphasis added)), but later alleges "Defendants provided medical services to Plaintiffs and the Class." (FAC ¶ 89.) Thus, Defendants are uncertain as to why Plaintiffs use the qualifying language that they "allegedly received medical care."

Regardless, Plaintiffs have not articulated a breach of the so-called duty "to provide the actual medical services that were billed" – i.e., they have not alleged that Defendants caused them injury by billing for services not actually rendered. Thus, this purported duty is a red-herring, as it cannot form the basis for Defendants' alleged breach. *See, e.g., Zamora v. Saint Vincent Hosp*., 2014-NMSC-035, ¶ 22, 335 P.3d 1243, 1249 ("A negligence claim requires that the plaintiff establish . . . the breach of duty as cause of the injury.")

Firm:49045236v3

ascertain reasonable, usual and customary fees for medical services." (FAC ¶¶ 79-81.) Plaintiffs contend these duties "arose from the alleged medical care rendered to Plaintiffs and the Class." (FAC ¶ 80.)

Plaintiffs further allege Defendants breached their duties "by failing to exercise reasonable care in billing Plaintiffs and the Class reasonable and customary amounts for medical services," (FAC ¶ 83), that receipt of these bills caused their injuries, (FAC ¶¶ 84-85), and that those injuries were foreseeable based on "Defendants' intentional actions to create a complicated business entity structure to undertake such unreasonable and excessive billing practices." (FAC ¶ 82.)

"Whether a duty exists is a question of law for the courts to decide." *Schear v. Bd. of County Comm'rs*, 101 N.M. 671, 672, 1984-NMSC-079, 4, 687 P.2d 728, 729. "Ultimately, a duty exists only if the obligation of the defendant [is] one to which the law will give recognition and effect. In other words, a duty establishes the legally recognized obligation of the defendant to the plaintiff." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 9, 134 N.M. 43, 49, 73 P.3d 181, 187 (citations omitted).

"As a general rule, an individual has no duty to protect another from harm." *Grover v. Stechel*, 2002-NMCA-049, ¶ 11, 132 N.M. 140, 143, 45 P.3d 80, 83. "One exception to the general rule is that a duty may arise out of a special relationship."

*Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 7, 146 N.M. 520, 522, 212 P.3d 408, 410; *see Johnstone v. City of Albuquerque*, 2006-NMCA-119, ¶ 7, 140 N.M. 596, 600, 145 P.3d 76, 80 ("To impose a duty, a relationship must exist that legally obligates Defendant to protect Plaintiff's interest.")

Here, the financial duties Plaintiffs purport to allege are not "legally recognized obligation[s]" that Defendants owe them. *See, Herrera*, 2003-NMSC-018 at ¶ 9. Plaintiffs allege that Defendants' duty arose from the "medical care rendered to Plaintiffs and the Class." (FAC ¶ 80.) The law does not support this conclusion.

Plaintiffs' allegations in this action do not involve the special duty of care that arises from the doctor-patient relationship. *See Salopek v. Friedman*, 2013-NMCA-087, ¶ 7 ("a doctor owes a general duty to provide *competent care in treating a patient's medical condition*.")(emphasis added). A doctor's duty arises in the context of "treating, operating upon, making a diagnosis of, or caring for a patient." *Id*. (quoting UJI 13-1101 NMRA).

Defendants are not aware of any New Mexico statute or case law that establishes a financial duty based on the doctor-patient relationship or the relationship between patients and medical billing companies. The absence of a legal duty in this context is not surprising because questions pertaining to bills for services

rendered do not sound in tort. *See Kreischer v. Armijo*, 1994-NMCA-118, ¶ 6, 118 N.M. 671, 673, 884 P.2d 827, 829 ("[T]he difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas, a tort is a violation of a duty imposed by law.") As such, the first count for negligence should be dismissed.

**B.      Plaintiffs Have Not Alleged Any Facts Regarding How Defendants' Conduct Fell Below The Standard Of Care**

Even if Plaintiffs alleged facts demonstrating that Defendants owed them a duty (they have not), the Complaint fails because it is devoid of any factual allegations demonstrating *how* Defendants breached their duty – i.e., *how* they engaged in conduct that fell below the standard of care. (*See Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action" will not survive motion to dismiss).)

While the Complaint repeatedly alleges that Defendants billed Plaintiffs "unreasonable" and "excessive" fees for medical services, (FAC ¶ 82), it does not contain a single fact supporting these conclusions. For example, Plaintiffs do not even allege the services for which they were billed. (*See generally,* FAC.) Thus, Plaintiffs have not alleged sufficient facts to demonstrate Defendants' conduct fell below the standard of care. *See, e.g., In re Marquette Transp. Co. Gulf-Inland, LLC*,

No. 13-5114, 2016 U.S. Dist. LEXIS 52883, at *8-9 (E.D. La. Apr. 20, 2016) (plaintiffs failed to state a plausible claim for negligent hiring and retention because they did not plead any facts demonstrating how the hiring process failed to conform to the applicable standard of care.)

Since Plaintiffs have not alleged a legally cognizable duty and Plaintiffs allege insufficient facts to show that Defendants' conduct fell below any recognized standard of care, the first count for negligence should be dismissed without leave to amend.

## VI. PLAINTIFFS' SECOND COUNT FOR BREACH OF IMPLIED CONTRACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Complaint likewise does not allege sufficient facts to state a claim for breach of an implied contract. (*See Schwartz v. State Farm Mut. Auto. Ins. Co*., No. 1:18-cv-00328-WJ-SCY, 2018 U.S. Dist. LEXIS 149153, at *22 (D.N.M. Aug. 30, 2018)("Because of the threadbare pleading, it is unclear . . . what term has been breached.")

Plaintiffs allege an implied contract based on the following facts: (1) Plaintiffs "did not choose [their] medical provider[s] by name and . . . did not choose any Defendants;" (2) Defendants provided medical service to Plaintiffs;" (3)

Firm:49045236v3

"Defendants did not obtain a written contract to perform such services;" and (4) Defendants did not obtain an oral contract to perform." (FAC ¶¶ 88-92.)

Plaintiffs allege they never received information about the cost of medical services, but claim the parties "had a mutual understanding that medical services would be provided for a usual and customary fee." (FAC ¶¶ 93-94.) They allege Defendants breached the parties' implied contract by charging unreasonable fees in excess of the usual and customary amount billed for similar medical services." (FAC ¶¶ 96-99.)

The distinction between an express and implied contract involves "no difference in legal effect, but lies merely in the mode of manifesting assent." Restat 2d of Contracts § 4. Implied-in-fact contracts are "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred . . . from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." *Orion Tech. Res., LLC v. Los Alamos Nat'l Sec.*, LLC, 2012-NMCA-097, ¶ 9, 287 P.3d 967, 971, 2012 N.M. App. LEXIS 82, *9 (quoting *Hercules, Inc. v. United States*, 516 U.S. 417, 424 (1996). An implied contract arises from the "parties' mutual assent as manifested by their conduct." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 15, 121 N.M. 728, 732, 918 P.2d 7, 11. The promise or representation at issue "must be definite, specific, or

explicit so that there is a reasonable expectation of contractual rights." *Avalos v. Bd. of Regents*, 2017-NMCA-082, ¶ 18, 406 P.3d 551, 557, 2017 N.M. App. LEXIS 57, *1.5

Here, Plaintiffs have not alleged any facts regarding the circumstances of their relationship with Defendants (from inception to the present day) or the conduct of the parties with respect to formation of the implied contract. Thus, Plaintiffs have not "set forth plausible claims animating the elements of the pled cause of action" for breach of implied contract. (*See Bradley v. N.Y. Life, Inc.*, No. CIV 12-0903 KBM/LAM, 2013 U.S. Dist. LEXIS 197062, at *6 (D.N.M. Apr. 30, 2013).)

In the (coincidentally titled) *Armijo* case, the Honorable James O. Browning dismissed an implied contract claim, holding:

> Armijo has made a few conclusory allegations, but has not given an indication of the <u>factual support</u> he would need to prevail on his claim. Count II, for Breach of Contract, for example, states that the Department would follow state employment policies and procedures, and that the Department terminated him in breach of those policies without just cause. Armijo does not, however, indicate what contractual provisions or employment policies the Department breached. For example, <u>he does not say to what his employment contract entitles him or of what the Department deprived him</u>. The Federal Rules of Civil Procedure allow for liberal pleading, but <u>a plaintiff must provide some facts that the Court can evaluate</u> to determine whether there is a reasonable likelihood that the

> plaintiff will be able to muster factual support for his claims.

*Armijo No*., 2009 U.S. Dist. LEXIS 46546, at *18-19 (D.N.M. Apr. 6, 2009) (emphasis added).

The same rationale applies here. Plaintiffs' conclusory allegations that the parties shared "a mutual understanding that medical services would be provided for a usual and customary fee" (FAC ¶ 93), is not – on its own – factually sufficient to state an implied contract claim. Plaintiffs must "provide some facts that the Court can evaluate." *See Armijo No*., 2009 U.S. Dist. LEXIS 46546, at *18-19.

For example, Plaintiffs make the conclusory allegation that the usual and customary fee for medical services should not exceed the amounts that Defendants charge major private health insurance plans for the same services. (FAC ¶ 69.) Yet, Plaintiffs do not plead any facts demonstrating how or why this term should be implied from the parties' conduct. *See* Garcia, 1996-NMSC-029, ¶ 15 (mutual assent manifested by conduct). Among other things, Plaintiffs do not allege any facts regarding the services they received, the amounts Defendants billed Plaintiffs' insurance for those services, or the amounts Plaintiffs' insurance paid for them. Nor do Plaintiffs allege any other facts as to why costs paid by third party insurance companies relate to their implied contract with Defendants.

In *Galarza v. Dick*, the plaintiff alleged breach of an implied contract after an online university removed her from its doctoral program. No. 1:15-cv-01081-JCH-LF, 2016 U.S. Dist. LEXIS 114979 at *1 (D.N.M. July 25, 2016). The *Galarza* court dismissed that plaintiffs' complaint because it did "nothing more than state that a contract existed and was breached." *Id.* at *10. There, the complaint failed to "mention any explicit or implicit promises made by [the defendant] that formed the basis of a contract."

In dismissing the plaintiff's complaint, the *Galarza* court reasoned that the complaint lacked any facts concerning: "(1) what, if any, promises or representations [the defendant] made to [plaintiff]; (2) how these promises were communicated; (3) what [plaintiff] promised in return; or (4) how these promises created a contract." (*Id.*) Instead, the complaint only alleged the amount that the plaintiff paid for school and that the defendants breached the contract by disenrolling plaintiff from the doctoral program. (*Id.*) The court described these allegations as "precisely the sort of conclusory allegations and legal conclusions that fail to raise [plaintiff's] right to relief above the speculative level." (*Id.*)

The complaint in *Galarza* is analogous to the one at issue here because Plaintiffs' implied contract claim is not supported by factual allegations. Like the plaintiff in *Galarza*, Plaintiffs here have not alleged what representations Defendants

made, how those representations were communicated, or what Plaintiffs promised in return. *See, id.* The Complaint does not describe the intake procedures at Mountain View Regional Medical Center, which conceivably could alter the terms and circumstances of the implied contract between Plaintiffs and Defendants. Similarly, the Complaint does not allege any facts regarding Plaintiffs' interactions with Defendants, including for example, with respect to correspondences that accompanied the medical bills Plaintiffs received.[3] *See generally, FAC.* Clearly, these and other facts would inform this Court as to the nature of the promises each party made with respect to the implied contract Plaintiffs purport to allege.

Without more, Plaintiffs' allegation that Defendants billed them unreasonable fees is insufficient to raise Plaintiffs' "right to relief above the speculative level." *Galarza,* 2016 U.S. Dist. LEXIS 114979 at *10. In fact, Plaintiffs do not even allege that the bills they personally received were unreasonable. They only allege the amount of the bills. (FAC ¶¶ 52-53, 61.)

To survive a motion to dismiss on their implied contract claim, Plaintiffs have to – at a minimum – identify "what [Defendants] promised that [they] failed to

---

[3] Plaintiffs allege that "no documents discussing *actual fees* were proffered to Plaintiff and the Class, and no reference was made to Plaintiffs and the Class regarding obtaining a fee schedule." (*See* FAC ¶ 94.) However, Plaintiffs do not make any allegations regarding what documents they were provided, which would bear directly on the nature of the parties' agreement.

deliver." *See Back v. ConocoPhillips Co.*, No. CIV 12-0261 JB/WDS, 2012 U.S. Dist. LEXIS 184392, at *59 (D.N.M. Aug. 31, 2012). Here, Plaintiffs allege that Defendants "failed to deliver" reasonable medical bills. However, they do not plead any facts that would allow Defendants or this Court to understand why the amounts billed were unreasonable. Nor have they alleged any facts regarding the parties' conduct to shed light on how the reasonableness of their medical bills should be measured.

In sum, Plaintiffs have not adequately pled a cause of action for breach of implied contract because they fail to allege facts regarding the parties' respective promises to each other or the conduct or words from which those promises were derived. *See also Armijo*, 2009 U.S. Dist. LEXIS 46546, at *6 ("[A] plaintiff's obligation to set forth the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Plaintiffs' second count should be dismissed without leave to amend.

Firm:49045236v3

## VII.   PLAINTIFFS' THIRD COUNT FOR COMMON LAW PROCEDURAL UNCONSCIONABILITY DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs allege procedural unconscionability based on Defendants' purported contracts of adhesion and business practices designed to charge patients excessive fees. (FAC ¶ 102.)

On its face, Plaintiffs' ambiguously pled third count does not show "that the pleader is entitled to relief." Fed. R. Civ. Proc., Rule 8(a)(2). The two paragraphs of allegations that purport to state a claim for procedural unconscionability give no indication as to the relief Plaintiffs seek. This deficiency alone supports dismissal of the third count.

Further, as discussed in Part VI, *supra*, Plaintiffs' Complaint does not allege any meaningful facts regarding the circumstances surrounding, or terms of the implied contract upon which Plaintiffs purport to sue. Since such facts are fundamental to a claim for unconscionability, Plaintiffs' third count also fails.

Procedural unconscionability relates to "the particular factual <u>circumstances surrounding the formation of the contract</u>, including the relative bargaining strength, sophistication of the parties, and the extent to which either party felt free to accept or decline terms demanded by the other." *See Thi of N.M. at Hobbs Ctr., LLC v.*

Page 18 of 26

*Spradlin*, 893 F. Supp. 2d 1172, 1185 (D.N.M. 2012) (emphasis added). In considering the "circumstances surrounding the contract's formation," courts consider factors including "whether it was an adhesive contract and the relative bargaining power of the parties." *Fiser v. Dell Comput. Corp.*, 144 N.M. 464, 470, 2008-NMSC-046, ¶ 20, 188 P.3d 1215, 1221.

Here, Plaintiffs allege in conclusory fashion that "Plaintiffs specifically did not choose his [sic] medical provider by name and specifically did not choose any Defendants." (FAC ¶ 88.) Similarly, Plaintiffs generally allege that Defendants often work with "medical patients [who] had no choice in who cared for them." (FAC ¶ 34.) However, Plaintiffs do not allege any facts specific to their individual circumstances demonstrating that Defendants "conduct their business by way of contracts of adhesion." (FAC ¶ 102.)

Further, while Plaintiffs may not have chosen their providers, Defendants similarly did not choose their patients. In the context of emergency medicine, medical providers are prohibited from delaying or refusing to provide screening and treatment in order to inquire about the individual's insurance status or ability to pay. *See* 42 U.S. Code § 1395dd (a), (b), (h) ("A participating hospital may not delay provision of an appropriate medical screening examination . . . or further medical examination and treatment . . . in order to inquire about the individual's method of

payment or insurance status.") Thus, Plaintiffs' allegation that they did not choose their providers is insufficient to demonstrate a contract of adhesion.

Similarly, Plaintiffs have not pled facts regarding Defendants' billing or collection practices that support finding a contract of adhesion. Plaintiffs make the conclusory allegation that they "are required to pay amounts determined by Defendants" and that they "lack meaningful negotiating power" with respect to those bills because they are not "sophisticated and powerful." (FAC ¶¶ 38-39.) However, Plaintiffs do not allege: (1) what attempts, if any, they made towards negotiating their medical bills; (2) that they actually paid their medical bills; or (3) whether they have insurance, and if so, whether their insurance paid the bills. (*See generally*, FAC.) Thus, Plaintiffs have not pled facts demonstrating a contract of adhesion. (FAC ¶¶ 38.)

The provision of emergency medical services is readily distinguishable from the "Hobson's choice" discussed by New Mexico's Supreme Court in *State ex rel. King v. B&B Inv. Grp., Inc.*, where those plaintiffs faced the decision to either "accept the quadruple-digit interest rates, or walk away from the [pay-day] loan." 2014-NMSC-024, ¶ 27, 329 P.3d 658, 669. In *B&B Inv. Grp., Inc.*, the court found a contract of adhesion based on several facts, including, for example, that "interest rates [were] set by drop-down menus in a computer program that preclude[d] any

modification of the offered rate." *Id.* Conversely, here, Plaintiffs have not alleged

any facts demonstrating Defendants billed them on a "take it or leave it" basis.

*Assuming arguendo* that Plaintiffs have adequately pled factual circumstances

to demonstrate a contract of adhesion, which they have not, an adhesive contract

does not independently establish unconscionability. *See Thi of N.M.*, 893 F. Supp.

2d at 1185 (citations omitted) ("An adhesion contract is not unconscionable unless

its terms are patently unfair to the weaker party.") Since Plaintiffs' third count is

entirely based on the adhesive nature of the alleged contracts (FAC ¶¶ 101-102),

their procedural unconscionability claim should be dismissed unless they have

adequately pled substantive unconscionability.

## VIII. PLAINTIFFS' FOURTH COUNT FOR COMMON LAW SUBSTANTIVE UNCONSCIONABILITY DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' fourth count for substantive unconscionability is based on

Defendants allegedly billing excessive fees for medical services and engaging in

business practices designed to that end. (FAC ¶ 105.)

Like Plaintiffs' third count, the fourth count does not show "that the pleader is

entitled to relief." Fed. R. Civ. Proc., Rule 8(a)(2). The three paragraphs of

allegations give no indication as to the relief Plaintiffs seek, and this deficiency alone

supports dismissal. Similarly, the absence of any allegations regarding the circumstances surrounding, or terms of the implied contract upon which Plaintiffs purport to sue impedes this Court from determining whether Plaintiffs adequately pled substantive unconscionability.

Substantive unconscionability requires courts to determine "whether the contract terms are commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns to determine the legality and fairness of the contract terms themselves." *Dalton v. Santander Consumer United States, Inc.*, 2016-NMSC-035, ¶ 8, 385 P.3d 619, 621 (quotations omitted).

Here, Plaintiffs do not allege any facts about an unfair contract. To the contrary, Plaintiffs affirmatively allege that the parties "had a mutual understanding that medical services would be provided for a usual and customary fee." (FAC ¶¶ 93.) This is the only allegation in the Complaint that reflects the terms of the purported agreement between Plaintiffs and Defendants. (*See generally,* Complaint.) Thus, Plaintiffs have not stated a claim for substantive unconscionability.

In fact, Plaintiffs' allegation that the parties agreed to "usual and customary fees" undermines their claim for substantive unconscionability. (FAC ¶ 104.) To the extent Plaintiffs allege that the Parties agreed to "usual and customary fees," there

Firm:49045236v3

would be nothing substantively unconscionable about the agreement. Plaintiffs' challenge relating to the amount billed would relate to contract performance rather than the contract's substantive terms. In other words, the alleged price gouging is ancillary – i.e., not a term – to the parties' agreement.

Even if the Court treats the price billed as part of the substantive terms of the contract, Plaintiffs still have not alleged sufficient facts to demonstrate that "the contract's terms [were] grossly unfair 'at the time the contract was formed.'" *La Frontera Ctr., Inc. v. United Behavioral Health, Inc.*, 268 F. Supp. 3d 1167, 1205 (D.N.M. 2017) (quoting *Guthmann v. La Vida Llena*, 1985-NMSC-106, ¶ 24, 103 N.M. 506, 709 P.2d 675, 680). As discussed previously, Plaintiffs only allege the amount they were billed for services but do not allege or describe the services they received. Without more, Plaintiffs have not pled facts demonstrating that the terms of the contract were "grossly unreasonable" to support a claim for substantive unconscionability. *See B&B Inv. Grp., Inc*., 2014-NMSC-024, ¶ 27.

Thus, Plaintiffs' fourth count for substantive unconscionability should be dismissed because they do not allege any facts demonstrating unfair terms within the implied contract.

Firm:49045236v3

## IX.   PLAINTIFFS' IMPERMISSIBLE SHOTGUN ALLEGATIONS DO NOT IDENTIFY WHICH OF THE DEFENDANTS ENGAGED IN THE ALLEGEDLY UNLAWFUL CONDUCT

Finally, Plaintiffs' Complaint is entirely ambiguous as to which of the five named Defendants actually engaged in the allegedly unlawful conduct. Thus, the Complaint fails to comply with Federal Rules of Civil Procedure, Rule 8. (*See Snyder v. Acord Corp.*, Civil Action No. 1:14-cv-01736-JLK, 2016 U.S. Dist. LEXIS 5314, at *20 (D. Colo. Jan. 15, 2016) (Complaint did not satisfy Rule 8 because "Plaintiffs repeatedly bring their claims against 'Defendants' as an undifferentiated group" rather than explain "what each defendant did [ ]; when the defendant did it; [and] how the defendant's action harmed [each plaintiff].")(internal citations and quotation marks omitted); *see also Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("it is particularly important [ . . .] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*).

Here, Plaintiffs allege that they "received medical services from Defendants" and "were billed by Defendants for such medical services." (FAC ¶¶ 43-44.) Plaintiffs do not make a single specific allegation regarding how any of the individual Defendants engaged in negligent conduct, breached a contract, or

participated in the alleged unconscionability. This pleading failure provides yet another reason for the Court to dismiss Plaintiffs' Complaint in its entirety.

## X.    CONCLUSION

Plaintiffs' Complaint is rife with incendiary allegations and legal conclusions, but devoid of sufficient facts to state a claim. Based on the factual and legal deficiencies in the Complaint, as discussed herein, Defendants respectfully request that the Court dismiss the entirety of Plaintiffs' Complaint.

Dated:  August 30, 2019                    Respectfully submitted,

SUTIN THAYER & BROWNE, APC

By:  _/s/  Stefan R. Chacon_____

Stefan R. Chacon
6100 Uptown Blvd. NE, Suite 400
Albuquerque, NM 87110
SRC@SUTINFIRM.COM
Tel: 505-883-2500
Fax: 505-888-6565

Attorneys for Defendants
AFFILION, LLC, EMCARE, INC.,
EMCARE HOLDINGS, INC.,
ENVISION HEALTHCARE
CORPORATION. AND ENVISION
HEALTHCARE HOLDINGS, INC.

///

///

Firm:49045236v3

EPSTEIN BECKER & GREEN, P.C.

By: _/s/ David Jacobs_____

David Jacobs
Jonah Retzinger
Brock Seraphin
*(Pro Hac Applications Pending)*
1925 Century Park East, Suite 500
Los Angeles, CA  90067
DJACOBS@EBGLAW.COM
Tel: 310-556-8861
Fax: 310-553-2165

Attorneys for Defendants
AFFILION, LLC, EMCARE, INC.,
EMCARE HOLDINGS, INC.,
ENVISION HEALTHCARE
CORPORATION. AND ENVISION
HEALTHCARE HOLDINGS, INC.

Firm:49045236v3